

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| HENRY J. GALLOWAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 5:17-00878-MGL-KDW |
| | § | |
| WARDEN DAVID DUNLAP, | § | |
| | § | |
| Respondent. | § | |
| | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PETITIONER'S MOTION TO VACATE, AND DENYING THE PETITION

This action arises under 28 U.S.C. § 2254. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent's motion for summary judgment be granted, Petitioner's motion to vacate be denied, and the Petition be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 14, 2017.  ECF No. 26.  On September 18, 2017, the Clerk of Court filed Petitioner's Motion to Appeal for Summary Judgment (Petitioner's Memorandum), which the Court construes as Petitioner's purported objections to the Report.  ECF No. 36.

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made.  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).  As provided above, however, the Court need not—and will not—address any of Petitioner's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

"A document filed *pro se* is 'to be liberally construed.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even when construed liberally and in the light most favorable to Petitioner, Petitioner's Memorandum fails to set forth any specific objections to the Report.  Instead, Petitioner's Memorandum requests the Court "enter a default judgment against the State of South Carolina for failing to respond in a timely manner after the Court ordered the State to respond" and vacate Petitioner's conviction and sentence.  ECF No. 36 at 1.  Any meaningful counter to the well-reasoned conclusions in the Report is absent.  Moreover, to the extent Petitioner's Memorandum

constitutes a motion, it is conclusory, unsupported by the law, and without merit in light of the procedural posture of the case.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Respondent's motion for summary judgment is **GRANTED,** Petitioner's motion to vacate is **DENIED**, and the Petition is **DENIED**.

To the extent Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 21st day of September 2017 in Columbia, South Carolina.


s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE



*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.